IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDWARD FRAZIER, #157844, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 3:12-CV-1000-TMH |
| | ) |
| THOMAS A. CRAWFORD, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 action filed by Edward Frazier ["Frazier"], an indigent state inmate, in which he challenges the constitutionality of his arrest on March 22, 2011 and criminal charges subsequently lodged against him for third degree burglary and second degree theft of property. *Amended Complaint - Doc. No. 9* at 3. Frazier names Thomas A. Crawford, a private individual who signed arrest warrants against him, as a defendant in this cause of action. The plaintiff seeks monetary damages for the alleged violations of his constitutional rights. *Id.* at 6.

Upon thorough review of the complaint, the court concludes that summary dismissal of the plaintiffs claims against Thomas A. Crawford is appropriate pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court entered an order granting Frazier leave to proceed *in forma pauperis* in this cause of action. *Order of November 16, 2012 - Doc. No. 3*. Consequently, this court must screen the complaint in

## II.  DISCUSSION

Frazier maintains that Thomas A. Crawford violated his constitutional rights by signing warrants for his arrest. This claim entitles Frazier to no relief.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by persons acting under color of state law or persons whose conduct is fairly attributable to the State. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under § 1983, a plaintiff must assert that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.  Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985.  Consequently, "state action requires **both** an alleged constitutional deprivation 'caused by the exercise of some right or privilege

---

accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires dismissal of a prisoner's civil action and/or claims presented therein prior to service of process if it determines that such is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id*.

It is clear to the court that Thomas A. Crawford did not act under color of state law with respect to the actions about which Frazier complains; rather, the criminal charges lodged by this defendant against Frazier resulted from "merely private conduct" excluded from the reach of § 1983. In light of the foregoing, the court concludes that the claims presented against Thomas A. Crawford are frivolous and subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Thomas A. Crawford be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  Thomas A. Crawford be DISMISSED as a defendant in this cause of action.

3. The plaintiff's remaining claims for relief against defendants Clyde D. Knowlton, Anthony Kather and Robert J. Sewell be referred back to the undersigned for additional proceedings.

It is further

ORDERED that **on or before February 27, 2013**, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of February, 2013.

                                          /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE