IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDWARD FRAZIER #157844, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 3:12-CV-1000-TMH |
| ) | (WO) |
| CLYDE D. KNOWLTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

ORDER

On June 14, 2013, the court dismissed this case with prejudice (doc. # 35) pursuant to a joint stipulation of dismissal filed by the parties. On June 26, 2013, the plaintiff filed a response to the order of dismissal which the court treats as a motion seeking partial relief from that judgment. (doc. # 36) The plaintiff contends that he agreed only to the dismissal of other defendants but not Clyde Knowlton. The plaintiff asks the court to reinstate this lawsuit against Knowlton. For the reasons which follow, the court concludes that the plaintiff's motion is due to be denied.

In his motion, the plaintiff asserts that he only agreed to the dismissal of "the participants in his arrest for Burglary 3rd degree and Theft 2nd degree." The plaintiff asserts that his claim against Knowlton was a "wholly different charge of 'rendering false testimony.'" It is correct that in ground one of the plaintiff's amended complaint, he did allege that "[o]n March 22, 2011, I was arrested by officer Clyde D. Knowlton with no probable cause under the false testimony that I rendered false information. To this date, I

haven't been called to court on this." The plaintiff characterizes this ground as "Illegal Detention."

The defendants' response to the plaintiff's motion contains copies of a "Civil Release of All Liability" and a "Release and Settlement." The "Civil Release of All Liability" releases the "City of Auburn, Auburn Police Department, and the District Attorney of the 37th Judicial Circuit, their employees, servants and agents, all persons, firms, corporations who are or might be liable therefor and Thomas A. Crawford" for indirectly or directly arising from any and all actions taken by the Auburn Police Department associated with arrest of Edward Frazier, Jr. for Theft of Property Second Degree and Burglary Third Degree on or about March 22, 2011 . . ." Read in isolation of the underlying facts, a strained interpretation of this release might support the plaintiff's contention. But it is unnecessary for the court to delve into that analytical thicket.

The "Release and Settlement" states as follows:

> FOR THE SOLE CONSIDERATION of the nol processing of the Burglary Third Degree§ 13A-7-7 and the Theft of Property Second Degree § 13A-8-4 charges arising from crimes committed on Friday, March 18, 2011, Edward Frazier, Jr, his heirs, executors, administrators, successors, representatives, agents, assigns, any and all persons acting on his behalf, and any and all persons with the capacity to act on his behalf, hereby release and forever discharge Clyde D. Knowlton, Anthony Kather, Robert J. Sewell, The City of Auburn, Alabama, and Thomas A. Crawford, their heirs, officers, executors, successors, administrators, representatives, employees, agents and assigns, and any and all other persons, firms, or corporations, both known and unknown, liable or who might be claimed to be liable (none of whom admit any liability to the undersigned, but expressly deny any liability), from any and all claims, demands, damages (compensatory or punitive), actions, causes of action, statutory actions,

contractual benefits, or suits of any kind or nature whatsoever, both known and unknown, on account of the injuries and/or loss to the undersigned, both to the person, or the property, or of any sort, related directly or indirectly to the claim(s) against Clyde D. Knowlton, Anthony Kather, Robert J. Sewell, The City of Auburn, Alabama, and Thomas A. Crawford for any damage arising out of an incident which occurred in or during March 2011 and any and all related claims or causes of action whether titled or untitled arising then or thereafter and agrees to dismiss his lawsuit against Thomas A. Crawford. Clyde D. Knowlton, Anthony Kather, and Robert J. Sewell(Case Number:3:12-CV-IOOO-TMH) with prejudice.

This document (in which the plaintiff confirms he signed without duress and only after have read it with an understanding of the meaning of each term) has no similar possibly limiting terms.  Rather it is an express release of claims made in this case, and the plaintiff will be held to it.  Accordingly, it is

ORDERED that the plaintiff's motion for relief from judgment be and is hereby DENIED.

Done this 16th day of October, 2013.

    /s/ Truman M. Hobbs
    TRUMAN M. HOBBS
    SENIOR UNITED STATES DISTRICT JUDGE